## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 18-189 (DWF) |
| Respondent-Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Tyler Jay Clark, | |
| Petitioner-Defendant. | |

## INTRODUCTION

This matter is before the Court on Petitioner-Defendant Tyler Jay Clark's ("Petitioner") *pro se* Motion under 28 U.S.C. § 2255 to vacate, correct or set aside sentence. (Doc. No. 313.) The Government opposes the motion. For the reasons set forth below, the Court respectfully denies Petitioner's motion.

## BACKGROUND

On August 6, 2018, Petitioner, along with other individuals, was charged with: Count 1 (conspiracy to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846); Count 4 (possession with intent to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(a)(1)(A)); Count 5 (possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)); and Count 6 (being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)).

The charges against Petitioner resulted from a search of his residence (the "Property") on June 21, 2018.  The search was conducted pursuant to a state search warrant.  Investigator Caleb Tesdahl ("Inv. Tesdahl") from the Rochester Police Department applied for the warrant.  (Doc. No. 318-1 ("Warrant Application").)  During the search, Inv. Tesdahl seized 173 grams of methamphetamine, 2.23 grams of cocaine laced with fentanyl, 17.02 grams of marijuana, two firearms, and over a hundred rounds of ammunition from Petitioner's bedroom.  (Doc. No. 318-1 ("Property Report").)  Inv. Tesdahl seized a third firearm from a motorcycle that Petitioner had been riding the night before the search.  (*Id*.)

On September 18, 2018, Petitioner's counsel filed pretrial motions including a motion to suppress the evidence seized from the Property.  (Doc. No. 70.)  On September 27, 2018, Petitioner's counsel informed the Court that an agreement had been reached and that Petitioner withdrew the pretrial motions.  (Doc. No. 105.)

On October 24, 2018, Petitioner pled guilty to Counts 4 and 5 of the Indictment. (Doc. Nos. 132 (Hearing Minutes) & 134 (Plea Agreement).)  Petitioner acknowledged the following:

> The defendant understands and agrees that he has certain rights to file pretrial motions in this case.  As part of this plea agreement, and based upon the concessions of the United States contained herein, the defendant knowingly, willingly and voluntarily agrees to withdraw the motions he has previously filed and to give up the right to file any additional pretrial motions in this case.

(Plea Agreement § 3.)

On May 17, 2019, the Court sentenced Petitioner to 180 months—120 months on Count 4 and 60 months on Count 5 to run consecutively. (Doc. No. 272.)

On February 10, 2020, Petitioner filed the present petition for post-conviction relief pursuant to 28 U.S.C. § 2255. He asserts that his counsel was ineffective for failing to argue that the search warrant was issued without a showing of probable cause and that the *Leon* good-faith exception did not apply. The Government opposes the petition.

## DISCUSSION

Title 28, United States Code, Section 2255, provides that a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence." In making such a motion, a § 2255 action requires a prisoner to show that he or she is entitled to such extraordinary relief because:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . .

28 U.S.C. § 2255(a). If the court finds such a defect in sentencing, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

A § 2255 request for relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). The United States Constitution guarantees that the accused "shall enjoy the right . . . to have the Assistance of Counsel" in criminal

3

prosecutions. U.S. Const. amend. VI. To prevail on a claim for ineffective assistance of counsel under § 2255, however, a defendant must overcome a "heavy burden." *United States v. Apfel*, 97 F.3d at 1076. To overcome that burden, a defendant must first "show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficiency must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687, 693. Second, the defendant must establish that the deficient performance actually prejudiced the defense. *Id*. To establish that there was a deficient performance, the defendant must show that the errors were not the result of "reasonable professional judgment." *Id*. at 690. There is a strong presumption "that counsel . . . rendered adequate assistance." *Id*. A defendant must prove, then, with "a probability sufficient to undermine confidence in the outcome," that "but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

On a motion to suppress, a district court should not make a *de novo* determination of probable cause. *United States v. Reivich*, 793 F.2d 957, 959 (8th Cir. 1986). Instead, the decision to issue the warrant should be upheld if it is supported by substantial evidence in the record. *Id*. (citation omitted). A valid search warrant "must be based upon a finding by a neutral and detached judicial officer that there is probable cause to believe that evidence, instrumentalities or fruits of a crime, [or] contraband . . . may be found in the place to be searched." *United States v. Proell*, 485 F.3d 427, 430 (8th Cir. 2007) (citation omitted). Probable cause means a "fair probability" that the object of the

4

search warrant may be found in the place to be searched. *Id*. (citation omitted). This determination is made by considering the totality of the circumstances. *Id*.

Defendant argues that the information supporting the search warrant did not establish probable cause. The Court disagrees.

The facts contained in the application for the search warrant and supporting affidavit, which was signed by Inv. Tesdahl as the affiant, include the following:

- a description of the Property to be searched, including a photograph of the Property;

- an explanation of Inv. Tesdahl's experience and training, including that in both drug cases and serving search warrants;

- Inv. Tesdahl received an anonymous tip that Petitioner was living at the Property with Janae Lynn Nelson ("Nelson") and that the Petitioner was selling drugs and in possession of a handgun;

- Inv. Tesdahl researched Petitioner and determined that Petitioner had an active felony warrant for a probation violation related to a prior conviction for fifth-degree possession of a controlled substance;

- Inv. Tesdahl determined that Petitioner was on probation and had three prior felony convictions for fifth-degree possession (2014, 2015, and 2016);

- Inv. Tesdahl determined that Nelson also had a 2014 fifth-degree possession conviction and had the Property listed on her driver's license;

- In the 72 hours prior to the application, Inv. Tesdahl conducted surveillance at the Property and witnessed: Petitioner and Nelson at the Property; people and vehicles stopping at the property on a daily basis and for periods of time ranging from a couple of minutes to a couple of hours; that on some occasions people would arrive and keep their vehicles running while they went inside for a short while; and that on one occasion, a vehicle registered to, and appearing to be driven by, Brandon Michael Hennessy ("Hennessy"), arrived at the subject property and left within 40 minutes;

- Inv. Tesdahl determined that Hennessy had a prior conviction for fifth-degree possession;

- based on Inv. Tesdahl's experience and training, he believed that the "short term" traffic he observed at the Property was consistent with controlled substance sales and that drug activity was occurring at the Property; and

- Inv. Tesdahl was aware that it is not uncommon for persons with a known drug history to associate with others who use or distribute controlled substances.

(Doc. No. 318-1.)

Under the totality of circumstances, the Court finds that the affidavit sufficiently establishes probable cause to support a warrant to search the Property. In particular, the evidence as a whole creates a reasonable probability that the search of the Property would lead to the discovery of evidence of a crime, instrumentalities or fruits of a crime, or contraband. The supporting affidavit offered a clear nexus between drug trafficking and the Property, provided the substance of an anonymous tip connecting Petitioner to drug trafficking at the Property, provided independent police corroboration via surveillance at the Property in the preceding 72 hours, considered information regarding criminal history (prior drug activities) that linked Petitioner to Nelson and Hennessy, and offered Inv. Tesdahl's opinion as to why the "short-term" traffic at the Property suggested drug activity. Because the search warrant was supported by probable cause, any effort by Petitioner's counsel to suppress the evidence obtained from the search would have been futile. As such, Petitioner cannot establish prejudice for not doing so.[1]

---

[1] The Court also notes that even if there was no probable cause supporting the search warrant, the *Leon* good-faith exception would apply. *See United States v. Leon*, 468 U.S. 897, 922-923 (1984). Under the *Leon* good-faith exception, "disputed evidence

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Petitioner's claims. A § 2255 motion can be dismissed without a hearing when: (1) defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). The Court concludes that no evidentiary hearing is required in this case.

Finally, an appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). The Court has considered whether the issuance of a COA is appropriate. In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). Petitioner has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

---

will be admitted if it was objectively reasonable for the officer executing a search warrant to have relied in good faith on the judge's determination that there was probable cause to issue the warrant." *United States v. Grant*, 490 F.3d 627, 632 (8th Cir. 2007) (citing *United States v. Leon*, 468 U.S. at 922).

## CONCLUSION

The record before this Court entirely forecloses any notion that Petitioner received ineffective assistance of counsel under *Strickland*. Based upon the presentations and submissions of the parties, the Court having carefully reviewed the entire procedural history and record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Tyler Jay Clark's *pro se* Motion under 28 U.S.C. § 2255 to vacate, correct or set aside sentence (Doc. No. [313]) is respectfully **DENIED**.

2. No evidentiary hearing is required in this matter.

3. No Certificate of Appealability will be issued to Petitioner.

4. This matter is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: July 31, 2020                                s/Donovan W. Frank
                                                   DONOVAN W. FRANK
                                                   United States District Judge